UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWCO ENERGY ACQUISITIONS HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID SCHULGEN, JEFF DUFF, and ARI HOLDINGS, INC.,<br><br>    Defendants. | Case No.: 1:15-mc-00027 - JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR ORDER AUTHORIZING THE SALE OF STOCK AND CREDIT BID<br><br>(Doc. 16) |

Defendants seek an order confirming a levee of stock held by Plaintiff and authorization to sell the stock. (Doc. 17) No objections were filed by the Plaintiff. For the following reasons, Defendants' motion is **GRANTED**.

I.     **Background**

Defendants obtained a judgement in the amount of $96,368.54 against Plaintiff through arbitration on August 20, 2014, which was registered with this Court for Defendants to collect the debt through assets owned by Plaintiff in the State of California. (*See* Doc. 1; Doc. 16-1 at 2) The Court issued a Writ of Execution on August 5, 2015. (Doc. 5) Defendants report, "The Writ was used by the US Marshal to levy 400,000 certificated shares of common stock in Airstreams Renewables, Inc. that were held in the name of debtor, Newco on April 26, 2016." (Doc. 16-1 at 2) The Marshal's levy file number for this matter is 15-00027. (*Id.*)

1

Because the first writ expired, the Court issued a second Writ of Execution on February 24, 2016. (Doc. 10) Defendant filed a Notice of Intended Sale, giving notice that the 400,000 shares would "be sold at an execution sale unless within 10 days after service of this notice of intended sale the judgment debtor applies to the court on noticed motion for an order that the property be collected rather than sold." (Doc. 11 at 1) No motion regarding the sale was filed by Plaintiff.

According to Defendants, they "waited the 10-day period required by C.C.P. § 701.520, and the 30-day time period set forth in 28 U.S.C.S. section 3203 before requesting the Marshal to issue the appropriate notices of sale and to sell the stock." (Doc. 16-1 at 3) Defendants report that "[t]he Marshal's Office took no action on this matter until November 2, 2016," when Defendants' counsel was informed that the Marshal's Office "would not proceed with the sale absent a Court order approving the sale." (*Id.*) Therefore, Defendants file a motion to enforce the judgment on November 30, 2016. (Doc. 12) The Court denied the motion without prejudice because the second Writ of Execution had expired. (Doc. 13)

Defendants requested another writ on January 4, 2017 (Doc. 14), and the third Writ of Execution was issued on January 6, 2017. (Doc. 15) Defendants now seek to enforce the judgment. In addition, Defendants "wish to confirm the levy and …request authorization to sell the stock." (Doc. 16-1 at 2)

**II.     Legal Standards**

The execution of a final judgment is governed by Rule 69 of the Federal Rules of Civil Procedure 69, which provides that a federal district court must apply "the procedure of the state where the court is located," except to the extent a federal statute is applicable. Fed. R. Civ. P. 69(a)(1); *see also Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 960 (9th Cir. 2007). Accordingly, the Court applies the procedure of the state of California, except to the extent the federal statute regarding notice applies. *See id.*

California's Enforcement of Judgments Law, which appears in sections 680.101 through 724.260 of the California Code of Civil Procedure, "is a comprehensive scheme governing the enforcement of all civil judgments in California." *Imperial Bank v. Pim Electric, Inc.*, 33 Cal. App. 4th 540, 546 (1995). Thus, the Enforcement of Judgements Law includes "[d]etailed statutory

provisions [that] govern the manner and extent to which civil judgments are enforceable." *Imperial Bank v. Pim Electric, Inc.*, 33 Cal. App. 4th 540, 546 (1995).

Defendants seek approval of the sale, asserting compliance with the Enforcement of Judgments Law.  Specifically, Defendants assert they have complied with Section 708.510(a), which provides, relevant in part: "upon application of the judgment creditor … the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due." Cal. Civ. Code Proc. § 708.510(a); *see also id.*, Leg. Comm. Comments ("[Section 708.510] also provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivable, general intangibles, judgments, and instruments").  The Court may assign the right to payment "only to the extent necessary to satisfy the money judgment." *Id.* § 708.510(d).

However, "[s]tock is neither a general intangible nor an instrument." *See Syntron Bioresearch, Inc. v. Fan,* 2002 WL 991008, at *4 (Cal. Ct. App. May 15, 2002). Rather, stock is "personal property" subject to the provisions of Section 701.530, under which a notice of sale "shall be in writing, shall state the date, time, and place of sale, and shall describe the property to be sold." Cal. Code Civ. Proc. §701.530(a).  In addition, "[n]ot less than 10 days before a sale of personal property, notice of sale shall be posted and served on the judgment debtor by the levying officer." *Id.*, § 701.530(b).  The posting must be in three public places, including "[t]he city in which the property is to be sold if it is to be sold in a city," or "[t]he county in which the property is to be sold if it is not to be sold in a city." *Id.*, § 701.530(c).

The sale by the levying officer must occur "at the date, time, and place specified in the notice of sale, which shall be in the county where the property or a part thereof is situated and between the hours of nine in the morning and five in the afternoon." Cal. Code Civ. Proc. §701.570(a).  The sale must be "made at auction to the highest bidder." *Id.*, §701.570(b).  A judgment creditor can "bid by giving the levying officer a written receipt crediting all or part of the amount required to satisfy the judgment." *Id.* §701.590(b). "After sufficient property has been sold to yield the amount required to satisfy the money judgment, no more shall be sold." *Id.*, §701.570(d).

When personal property sold at an execution sale is capable of manual delivery, after the amount due is paid, "the levying officer shall deliver the property to the purchaser and, if the

3

purchaser so requests, shall execute and deliver a certificate of sale to the purchaser." Cal. Code Civ. Proc. § 701.650(a)(1).  "If the property is not tangible personal property or if it is otherwise not capable of manual delivery, the levying officer shall execute and deliver a certificate of sale to the purchaser." *Id.*, § 701.650(a)(2).  A certificate of sale must include:

> (a) The title of the court where the judgment was entered under which the sale was made and the cause and number of the action.
>
> (b) The date of entry of the judgment and of any subsequent renewals and where entered in the records of the court.
>
> (c) The name and address of the judgment creditor and the name and last known address of the judgment debtor.
>
> (d) A description of the property sold.
>
> (e) The date of sale.

*Id.*, § 701.670(a)(2).  The levying officer must distribute the proceeds of the sale or collection within 30 days after receipt, unless there are conflicting claims to the proceeds.  *Id.* § 701.820.

### III.    Discussion and Analysis

When property is levied, "the judgment creditor may serve a notice of intended sale of the property on the judgment debtor." Cal. Code Civ. Pro. § 701.520(b).  The notice must "describe the property and state that it will be sold at an execution sale unless, within the time allowed after service of the notice of intended sale, the judgment debtor applies to the court on noticed motion for an order that the property be collected rather than sold." *Id.*  No action may be taken within ten days of the date of service under Cal. Code Civ. Pro. § 701.520(c).  However, there is a thirty-day stay for the sale under 28 U.S.C. § 3203.

After the Court issued the writ of execution, Defendants filed a Notice of Intended sale that identifies the property to be sold included "400,000 certificated shares of common stock in Airstreams Renewables, Inc. held in the name of judgment debtor." (Doc. 11 at 2)  In addition, the notice informed Plaintiff that the property "will be sold at an execution sale unless within 10 days after service of this notice of intended sale the judgment debtor applies to the court on noticed motion for an order that the property be collected rather than sold," and that "[t]he must be made within 10 days after service of this notice of intended sale." (*Id.* at 1)  However, the notice of sale fails to identify the

"date, time, and place specified in the notice of sale." *See* Cal. Code Civ. Proc. §701.570(a).  Because the notice previously filed in April 27, 2016 was insufficient, another notice must be prepared including the information required by California's Enforcement of Judgments Law.

As Defendants observe, under Section 701.590(b) of the California Code of Civil Procedure, a "judgment creditor may bid by giving the levying officer a written receipt crediting all or part of the amount required to satisfy the judgment."  In light of the judgment to be satisfied, Defendants may bid without making a deposit or payment, as authorized by California law.

**IV.    Conclusion**

Based upon the foregoing, the Court **ORDERS**:

1. Defendants' motion requesting authorization of the sale is **GRANTED**;
2. The United States Marshal is **DIRECTED** to proceed with the sale of the levied property, which includes 400,000 of certificated shares of common stock in Airstreams Renewables, Inc. in the name of Newco Energy Acquisitions Holdings, Inc.;
3. The Marshal must issue the "Notice of United States Marshal's Sale of Personal Property" using the form attached to this Order.  The notice of sale must be posted and served on the judgment debtor at least 10 days prior to the sale pursuant to California Code of Civil Procedure section 701.530(b).
4. The Marshal shall conduct the sale by public auction at the date time and place set forth in the Notice;
5. The sale shall be conducted in conformity with Code of Civil Procedure Section 701.590.   No minimum bid is set, and bids shall be made in increments of at least $100.00.  Defendants David Shulgen and Jeff Duff are authorized to bid in the manner provided in Section 701.590(b);
6. Upon conclusion of the sale, the levying officer must issue a Certificate of Sale to the purchaser pursuant to Code of Civil Procedure section 701.670;
7. Unless written objection is made within three days of the date of the sale, the sale shall be confirmed without a motion and distribution of the sale proceeds shall occur within 30 days of the date of the sale; and

8. Any funds collected shall be distributed to the judgment creditor pursuant to Section 701.810 of California's Code of Civil Procedure.

IT IS SO ORDERED.

Dated:   **February 15, 2017**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE